WEYMIRE v. WOLFE.

1. **Negligence:** CONTRIBUTORY: WHEN NOT A DEFENSE. In an action to recover for injury caused by defendant to the estate of plaintiff's decedent by selling liquors to said decedent until he became intoxicated and unconscious, and then expelling him from a saloon, at a late hour of the night, thereby causing his death from exposure, it was held erroneous to instruct the jury that the purchasing and drinking of the liquor by the deceased constituted contributory negligence, which would bar a recovery.

*Appeal from Fremont Circuit Court.*

MONDAY, DECEMBER 8.

THE plaintiff is administrator of the estate of Joseph Dunn, deceased, and brings this action to recover for injuries alleged to have been caused to said Dunn by the defendant, whereby Dunn lost his life. The averments of the petition are in substance that the defendant at the time of the acts complained of was the keeper of a saloon; that Dunn was an habitual frequenter of the saloon; that the defendant sold him intoxicating liquor, which caused him to be intoxicated, and that while

Dunn was in a state of helpless and unconscious intoxication, caused by the wrongs of the defendant, he, the defendant, wrongfully expelled Dunn from his saloon at a late hour of the night, and that Dunn being thus intoxicated died of cold and exposure.

There was a trial by jury, and evidence was introduced by the plaintiff tending to support the allegations of the petition. Afterward the court gave two instructions, in these words:

"1. The plaintiff in this suit, as administrator of the estate of Joseph Dunn, seeks to recover damages which he alleges to have accrued to said estate by reason of the sale by the defendant to Dunn in his lifetime of intoxicating liquors, contrary to law.

"2. The evidence shows without dispute that whatever purchases of liquor, if any, were made by Dunn were made by him voluntarily, and no recovery can be had on account thereof by his administrator because of his contribution to the injury, if any followed; and the laws of this state furnish no right of recovery in such case. Your verdict will, therefore, be for the defendant."

Verdict having been rendered accordingly, and judgment thereon, the plaintiff appeals.

*Stow & Hammond*, for appellant.

*Wynn & Wynn*, for appellee.

ADAMS, J.—Whether, if Dunn had died solely from the use of the liquor, he would be deemed to have so far contributed to his death by his voluntary acts as to preclude a recovery, we need not determine. The petition states, and the evidence tended to show, that Dunn was expelled from the saloon at a late hour of the night, drunk and unconscious, and died by reason of exposure and cold. If it should be conceded that Dunn contributed to his death by drinking until he became drunk and unconscious, it would not follow that the plaintiff would not be entitled to recover. If a person lies down upon a railroad track in a state of helpless intoxication, the company will not be justified in running

1. NEGLI-
GENCE: con-
tributory:
when not a
defense.

a train over him if it can be avoided in the exercise of reasonable care after the person is discovered in his exposed condition. If after that the company should be guilty of negligence whereby the exposed person should be injured, the negligence of the company would be deemed the proximate cause of the injury. *Morris v. The C. B. & Q. R. Co.*, 45 Iowa, 29. So if the defendant negligently subjected Dunn to exposure to his injury, knowing that he was unconscious, or even helpless, the defendant cannot escape liability on account of Dunn's negligence prior to the wrongful acts whereby Dunn was subjected to exposure, however great Dunn's negligence may have been in allowing himself to become intoxicated.

We think that the instructions should not have been given.

REVERSED.