HENRY C. BOWEN & another *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Berkshire.     September 10, 1901. — October 15, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Railroad*, Liability for fire. *Evidence*, Experts.

In an action under Pub. Sts. c. 112, § 214, to recover for the destruction of the plaintiff's mill by fire alleged to have been communicated by a locomotive engine of the defendant, the defendant introduced evidence tending to show that the engines which ran by the plaintiff's mill were equipped with spark arresters and extension fronts and standard netting, and would not and could not throw out sparks so as to set a fire. The plaintiff in rebuttal was allowed against objection, to introduce evidence tending to show that a certain kind of engine used by the defendant which ran by the plaintiff's mill when equipped with spark arresters and netting of the standard kind, all in good condition, would throw out sparks and set fires and had done so; that there were no appliances that would prevent a locomotive under all circumstances from throwing out live sparks and setting a fire; and that an engine with an extension front and a spark arrester with a netting of the kind exhibited would sometimes give out live cinders so as to set a fire. *Held*, that the evidence in rebuttal rightly was admitted, as it bore directly upon the issue, whether an engine of the defend-

ant caused or could have caused the fire. Whether the witnesses possessed the necessary experience and knowledge to qualify them to testify was for the presiding judge to say.

The evidence in this case stated in the opinion was held to warrant a finding of the jury that the fire which destroyed the plaintiff's mill was caused by sparks from one of the defendant's locomotives.

In an action against a railroad company under Pub. Sts. c. 112, § 214, to recover for the destruction of the plaintiff's property by fire communicated by a locomotive engine of the defendant, the plaintiff is not bound to show ordinary care on his part. If the fire was caused by sparks from the defendant's engine, the plaintiff can recover unless his negligence was gross or such as to amount to fraud.

TORT to recover damages on account of the destruction by fire of the grist mill of the plaintiffs with its additions and fixtures and the personal property therein contained, alleged to have been caused by a spark from a locomotive engine of the defendant, the first count being at common law and the second under Pub. Sts. c. 112, § 214. Writ dated June 11, 1898.

At the trial in the Superior Court, before *Maynard*, J., the case was submitted to the jury upon the second count on the sole question whether the fire was caused by sparks from the defendant's engine. The jury found for the plaintiffs. The question of damages was not submitted to them. The defendant alleged exceptions, of which those relied upon at the argument are stated in the opinion of the court.

*J. C. Crosby*, (*J. F. Noxon* with him,) for the defendant.

*H. C. Joyner*, (*F. R. Shaw & H. L. Harrington* with him,) for the plaintiffs.

MORTON, J. This is an action to recover damages for the burning of the plaintiffs' mill and contents by a fire alleged to have been communicated by the locomotive engines of the defendant. There was a verdict for the plaintiffs, and the case is here on exceptions by the defendant to various rulings and refusals to rule by the presiding judge which we shall consider only so far as relied on by the defendant at the argument, treating the others as waived.

1. The defendant excepted to the admission of certain evidence which the plaintiffs were allowed to introduce in rebuttal tending to show that diamond stack engines with spark arresters and netting of the standard kind, all in good condition, would throw sparks and set fires and had done so ; that there were no appliances that would prevent a locomotive under all circum-

stances from throwing out live sparks and setting a fire ; and that an engine with an extension front and a spark arrester with a netting of the kind exhibited would sometimes give out live cinders so as to set a fire.   We think that this evidence was competent in reply to the testimony introduced by the defendant tending to show that the engines which ran by the plaintiffs' mill on the defendant's road the day before the fire, including one or more diamond stack engines, were equipped with spark arresters and extension fronts and standard netting all in good condition, and would not and could not throw out sparks so as to set a fire.   *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87. It bore directly upon the issue, which was whether the engines of the defendant caused or could have caused the fire.   Whether the witnesses possessed the necessary experience and knowledge to qualify them to testify was for the presiding judge to say.

2.   The defendant excepted to the refusal of the court to rule that the plaintiffs were not entitled to recover upon the second count and to direct a verdict for the defendant on that count. In effect the defendant asked the court to rule that there was no evidence that the fire was caused by the defendant's locomotives. We think that the court rightly refused so to rule.   The plaintiffs' mill consisted of a main building of wood with a slated roof one hundred and twelve feet long by forty-one feet wide three stories high with an addition, also of wood and with a slated roof of the same height and width extending westerly about sixty feet from the centre of the main building.   The main building was about fifty feet westerly of the defendant's main track and was nearly parallel to it.   The fire occurred between three and four o'clock on the morning of July 9.   There was testimony tending to show that on the day before a number of trains had passed by the mill including two gravel trains which were hauling gravel from a pit not far away, the last train having passed by between eight and nine o'clock in the evening.   There was also testimony that the wind was blowing strongly from the east the day before the fire, that one or more of the engines threw sparks and smoke and cinders which were blown towards the mill and to a much greater distance than the mill ; that there had been no rain for several days ; that there had been no fire in the mill ; that the mill was left securely fastened up the evening before,

and was found so by those who got to the fire first; and that going towards the south there was an up grade by or in the vicinity of the plaintiffs' mill which might compel an engine with a heavy load to work hard.   Without going into the evidence further in detail we deem it enough to say that there was testimony warranting the jury in finding that the fire was caused by sparks from the defendant's locomotives.   It was for the jury to give such weight as they thought it entitled to, to the argument drawn from the time that elapsed between the passing of the locomotives and the discovery of the fire.   We cannot say that the time was so great as to establish conclusively that the fire could not have been caused by sparks from the defendant's locomotives, or that that was not on the whole the most natural and reasonable explanation of its origin.   *McGinn* v. *Platt*, 177 Mass. 125.   *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245.   *Wall* v. *Platt*, 169 Mass. 398.

3.   The defendant in substance asked the judge to rule that the burden was on the plaintiffs to show that they were in the exercise of due care, and that if they were guilty of contributory negligence they could not recover.   The judge refused to rule as thus requested, and instructed the jury that the question of due care on the part of the plaintiffs, meaning manifestly ordinary care, did not enter into the case, but that negligence on their part in order to prevent a recovery must be gross, or such as to amount to fraud.   We think that the ruling of the court was right.   *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245.   *Wall* v. *Platt*, 169 Mass. 398.   *Boston Excelsior Co.* v. *Bangor & Aroostook Railroad*, 93 Maine, 52.   *Rowell* v. *Railroad*, 57 N. H. 132.   *Mathews* v. *St. Louis & San Francisco Railway*, 121 Mo. 298.   *West* v. *Chicago & Northwestern Railroad*, 77 Iowa, 654.

In view of the danger of fire from locomotives, the Legislature, it seems to us, has imposed upon railroad corporations a liability which is almost that of insurers, — the idea being, we think, that the parties who are authorized to use so dangerous an agency, and who have the control of it and the power to adopt safeguards in regard to its use, should bear the loss that may ensue from fires that are caused by locomotives, rather than those who have nothing to do with the management and control of them, and who are in the lawful enjoyment and occupation of

their property.    The rule of liability laid down by the statute
is analogous, it seems to us, to that in the case of one who brings
upon his premises a dangerous and active agency and who is
bound at his peril to keep it there.    As the court says in *Inger-
soll* v. *Stockbridge & Pittsfield Railroad*, 8 Allen, 438, 440, " The
Legislature have chosen to make it a condition of the right to
run carriages impelled by the agency of fire, that the corporation
employing them shall be responsible for all injuries which the
fire may cause."    The defendant relies upon *Ross* v. *Boston &
Worcester Railroad*, 6 Allen, 87.    But the jury found in that
case that the plaintiff was in the exercise of ordinary care and
prudence, and the question whether the instructions were correct
was not considered by this court.

*Exceptions overruled.*