THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. JAMES E. PAXTON.

No. 14,878    (88 Pac. 1082.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Judicial Notice—Boundaries—Location of Places.* District courts of this state take judicial notice of the boundaries of counties, the location of incorporated cities within their respective districts, and whether a certain place definitely located by distances and directions from an incorporated city is within the county in which the court is being held.

2. RAILROADS—*Injury to Stock on Right of Way—Defective Fence—Contributory Negligence.* Contributory negligence is not a defense in an action brought under section 5859 of the General Statutes of 1901 against a railway corporation to recover the value of stock killed by the engine or cars of the company in operating such railway, where the road is unfenced or where the fence is so defective as to permit stock to pass upon the right of way.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed February 9, 1907. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: James Paxton was the occupant of the northeast quarter of section 26, township 30, range 1 east, in Sumner county, Kansas. The right of way of the Atchison, Topeka & Santa Fe Railway Company, which runs in a northeasterly direction over this land, is fenced. The Paxton residence is on the southeast corner of the farm, and across the right of way is a pasture. Between the residence and this pasture a private crossing and gates are maintained by the railroad company for the accommodation of the occupants of the farm. The fastening to the gate on the west side opening from the right of way into the pasture became and remained for a long time so out of repair that the shaking of the gate by the wind or the rubbing of stock against it would sometimes cause the fastening to come loose and the gate would then open. This condition was known to exist by both Paxton and the railway company, and both knew that it had previously been opened in that manner. On July 26, 1903, Paxton turned a mule into the pasture, fastening the gate with the fastening then upon it. On the following night the gate came open, and this mule wandered upon the railroad track and was killed by a passing train. This action was brought to recover the value of the mule. The verdict and judgment were in favor of the plaintiff, and the defendant seeks to reverse the judgment rendered.

Its first contention is that there was no evidence that the mule was killed in Sumner county, the county in which the action was brought. The petition stated that

the mule was killed on the northeast quarter of section 26, township 30, range 1 east, in Sumner county. The plaintiff testified that the farm upon which the mule was killed was a mile and a half north of Belle Plaine. The district courts take judicial notice of the boundaries of the counties within their districts, and the location of incorporated towns and cities within such counties. Knowing these facts, the trial court knew that Belle Plaine was in Sumner county, and also that a point one and one-half miles north of Belle Plaine was also in Sumner county. (*K. C. Ft. S. & G. Rld. Co. v. Burge,* 40 Kan. 736, 21 Pac. 589; *Gunning v. The People,* 189 Ill. 165, 59 N. E. 494, 82 Am. St. Rep. 433, and note.)

It is also contended that it was not shown that the company was guilty of any negligence, its contention being that while it was fairly established that the fastening of the gate was defective, and that the railway company's men had knowledge of such condition and knew that this gate had on other occasions come open, the fastening was not shown to be so defective that it would not hold the gate temporarily, and it required the action of the wind or some other agency to cause it to open. A fence that is only apparently good or that will only temporarily prevent animals from going on the right of way will not excuse a railway company from liability to the owner of animals which pass over or through such fence and upon the right of way and are killed or injured by a passing train. Section 5859 of the General Statutes of 1901 provides:

"Every railway company or corporation in this state, and every assignee or lessee of such company or corporation, shall be liable to pay the owner the full value of each and every animal killed, and all damages to each and every animal wounded by the engine or cars on such railway, or in any other manner whatever in operating such railway, irrespective of the fact as to whether such killing or wounding was caused by the negligence of such railway company or corporation, or the assignee or lessee thereof, or not."

The only way for a railway company to avoid this liability is by complying with the provisions of section 5863 of the General Statutes of 1901, which reads:

"This act shall not apply to any railway company or corporation, or the assignee or lessee thereof, whose road is enclosed with a good and lawful fence to prevent such animal from being on such road."

In the present case the gate was a part of the railway company's fence which enclosed its road, and was erected and maintained by it as a part of such fence. If, therefore, by reason of the known defect in it the fastening of this gate would not hold the gate shut, the fence of which it was a part was not a good and lawful fence and did not serve the purpose of preventing stock from passing upon the right of way and track.

It is urged that the plaintiff cannot recover in this action because he was guilty of contributory negligence in turning his mule into the pasture knowing that the fastening of the gate was defective. It is quite evident that the legislature intended, in the enactment of the statute referred to, to eliminate entirely the element of contributory negligence from actions brought by the owners of stock against railway corporations to recover for loss or injury thereto by engines or cars upon an unfenced right of way. It was said in *Hopkins, Warden, v. K. P. Rly. Co.*, 18 Kan. 462, that "where the road is unfenced at a place where it can' and ought to be fenced, and stock there gets upon the track through no wanton or wilful act of the owners, or persons in charge, and are injured by passing trains, then the law applies, and obviates the necessity of all inquiry into the mere negligence of the parties concerned, whether owners, persons in charge of the stock, or managers of the railroad-trains." (Page 464.)

This also answers the contention of defendant that there was error in refusing to submit to the jury its fourteen special interrogatories, as well as its claim of error in giving certain instructions and refusing

to give others.   These questions were asked for the purpose of eliciting from the jury answers tending to show that the plaintiff knew, when he turned his mule in the pasture, that the fastening on the gate was so defective that it would readily yield to the jarring of the gate by the wind or the rubbing of stock, and that he was therefore guilty of contributory negligence and should not recover.   The instructions refused attempted to put into the case the question of plaintiff's contributory negligence, and the objections to those given are that they omitted the element of contributory negligence.   The court did not err in either instance.   The mere negligence of the owner in caring for his stock is not a defense in an action to recover from a railway corporation the value of stock killed in the operation of the road where the track is unfenced.

The judgment is affirmed.