# McMillen et al., Appellants, *v*. Steele.

*Negligence—Sale of firearms to minors—Death of boy—Contributory negligence—Evidence—Presumption of innocence—Dress and appearance of minor—Act of June 10, 1881, P. L. 111—Tort—Principal and agent—Case for jury—Nonsuit.*

1. A principal is liable for the criminal acts of his agent, done within the scope of the agent's employment.

2. A vendor of firearms, who sells to a minor under the age of sixteen, in violation of the Act of June 10, 1881, P. L. 111, is liable for accidents, regardless of the minor's capacity to appreciate danger.

3. The owner is liable where a clerk sells in the ordinary course of business.

4. Children under sixteen are legislatively declared unfit to handle firearms.

5. The liability of the vendor extends to the natural and probable harmful results which may follow from the unlawful act.

6. Any ordinary discharge of a firearm is the natural result of its use.

7. The statute does not cover negligence by the minor to others; as to the latter, the common law doctrine of contributory negligence applies, even though the only negligence is violation of the penal statute.

8. It is not necessary to prove the case by preponderating evidence: Catasauqua Mfg. Co. v. Hopkins 141 Pa. 30, explained.

9. Evidence of the dress and general appearance of the boy to whom the gun was sold, at the time of the sale, or shortly thereafter, is admissible to show defendant wilfully and knowingly sold the gun to a minor under sixteen years of age.

10. Appearance alone would hardly be sufficient to establish age.

Argued September 25, 1922. Appeals, Nos. 152 and 153, Oct. T., 1922, by plaintiffs, from order of C. P. Armstrong Co., March T., 1920, No. 134, refusing to take off nonsuit, in case of S. C. McMillen et al. v.

Hiram S. Steele.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for death of plaintiff's son.   Before KING, P. J.

The opinion of the Supreme Court states the facts. Nonsuit and refusal to remove. Plaintiffs appealed.

*Errors assigned,* inter alia, were refusal to take off nonsuit, and ruling on evidence referred to in opinion of Supreme Court, quoting record.

*H. A. Heilman* and *C. E. Harrington,* for appellants. —The court erred in attempting to decide as matter of law the negligence of decedent and in refusing to allow the jury to pass upon this question: Edelman v. Connell, 257 Pa. 317.

If the evidence in the case leads fairly and satisfactorily to the belief that defendant knowingly and wilfully sold or caused to be sold, to a boy under sixteen, a deadly weapon, then plaintiffs' case is made out and he would be entitled to a verdict for any damages sustained: Miller v. Lockwood, 17 Pa. 248; Shaffer v. Mowery, 265 Pa. 300; Com. v. Walker, 33 Pa. Superior Ct. 167.

*R. L. Ralston,* with him *Paul H. Gaither* and *J. Frank Graff, Jr.,* for appellee.—A child over the age of fourteen is presumed to have capacity to be sensible to danger and this presumption can only be overcome by clear evidence of want of capacity: Kercher v. Ry., 210 Pa. 45; Nagle v. R. R., 88 Pa. 35; Haynes v. Penfield, 231 Pa. 329; Wolf v. Transit Co., 252 Pa. 448; Shaffer v. Mowery, 265 Pa. 300; Catasauqua Mfg. Co. v. Hopkins, 141 Pa. 30; Com. v. Junkin, 170 Pa. 194.

OPINION BY MR. JUSTICE KEPHART, January 3, 1923:

Plaintiff's son died as a result of a gunshot wound inflicted by a minor child under the age of sixteen, who had

purchased the gun at defendant's store. The evidence is not clear whether the final sale was consummated by a clerk or defendant; we will assume the sale was made by a clerk. Plaintiff, in his individual capacity and as administrator of his son, sued the storekeeper, he was nonsuited because he failed to establish defendant's culpable negligence, and because deceased was guilty of contributory negligence.

The Act of June 10, 1881, P. L. 111, section 1, makes any person, who "shall knowingly and wilfully sell or cause to be sold to any person under the age of sixteen years any cannon, revolver, pistol or other such deadly weapon," guilty of an offense. The court below held liability could not be imposed until the presumption of innocence was overcome by evidence so preponderating as to fairly lead to the conclusion the act complained of was committed by defendant or under his positive orders, relying on Catasauqua Mfg. Co. v. Hopkins, 141 Pa. 30, 46. That case was an action for conspiracy to cheat and defraud plaintiff in the quantity of iron delivered to its mill. The court held if the evidence led fairly and satisfactorily to the belief defendants had obtained money from the company by means of false weights, then plaintiff's case was made out. We said there was a presumption of innocence in favor of persons charged with conspiracy to defraud, but we did not set up a burden of proof in civil cases for persons charged with conspiracy to defraud different from that applied to individuals charged with defrauding or attempting to defraud. It was distinctly stated (p. 46), in prosecution for a crime, "a still higher measure of proof is required, and the guilt of the defendant must be established beyond a reasonable doubt." We did not hold, as appellee argues, where an action is predicated on facts constituting a crime, liability could follow only when the proof was sufficient to convict of a crime.

The court below, in the present case, confused civil with criminal liability. In a civil action at common law,

before plaintiff can recover he must show defendant's negligence in selling a gun to an infant who could not appreciate its danger; there is a presumption that capacity to understand exists in children over the age of fourteen. Claimant must also show the act was the natural and probable result of placing a dangerous weapon in the hands of a child of immature mind: Binford v. Johnston, 82 Ind. 426; Danbeck v. Traction Co., 57 N. J. L. 463, 465; Loughlin v. Pennsylvania Railroad Co., 240 Pa. 174, 179; Evers v. Davis, 86 N. J. L. 196; Sullivan v. Creed, 2 Irish Reports (1904), 317.

Defendant was then and is now responsible for the acts of his servant done within the scope of authority, as in other actions of like nature, where the relation of principal and agent exists. The Act of 1881 merely substitutes, for the proof necessary to show lack of capacity, the hard and fast rule of sixteen years of age. Children under that age have been legislatively declared utterly unfit to handle firearms. The negligent act is solely referable to the unlawful sale to a minor under sixteen. Where the sale is made in the ordinary course of business, it is immaterial whether the clerk or the owner sells the weapon. A principal is liable in damages because of the criminal acts of his agent, where such acts are within the scope of the agent's employment: 26 Cyc. 1529; A. & E. Enc. of Law, 2d edition, vol. 20, 176. See also Faiola v. Calderone, 275 Pa. 303.

"When the defendant sold the shell to Samuel (a minor), he violated the statute, thereby making himself liable for any natural or probable harmful result which might follow in the wake of his wrongful act": Shaffer v. Mowery, 265 Pa. 300, 303. Any ordinary discharge of a firearm is a natural and probable result of its use, and as affecting the minor purchaser's right of recovery or that of any one injured by him through an unlawful sale and use of a firearm, the minor's negligence in handling the gun is not material. The storekeeper-seller cannot escape responsibility by reason of the negligence of the

boy to whom he sells. The act is drastic and intends to put a stop to such sales by imposing an unusual responsibility on the seller. See Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348, 351, 352.

Plaintiff's son stands in a position different from that of the boy to whom the gun was sold. Plaintiff's son was a stranger to defendant's transaction. The statute does not cover injuries to third persons; their legal status is the same as if the statute did not exist; the common law doctrine of contributory negligence applies. Assuming plaintiff's son was between the ages of fourteen and fifteen, he is presumed to have capacity to appreciate and avoid danger: Nagle v. Allegheny Valley Railroad Co., 88 Pa. 35, 39; Parker v. Washington Electric Street Railway Co. (No. 1), 207 Pa. 438, 441; Kirchner v. Oil City Street Railway Co., 210 Pa. 45. Failure by such persons to observe ordinary prudence and care in handling or playing with a dangerous weapon will prevent a recovery against one causing damage, or against a person liable over, even though the negligence consists in violating a penal statute. See cases cited in Shaffer v. Mowery, supra, 303. The court below held plaintiff's son failed to exercise due care and was wounded by reason of his own thoughtless act while the boys were playing with the gun. This was error.

The evidence shows the boys were playing with the gun before they reached the cemetery gate where the accident took place; it is also clear this conduct did not continue to the gate but had ceased before it was reached. Only one explanation of the gun's discharge appears in the testimony: "Q. What happened when you got down to that gate? A. We were down at the gate and down a little ways. I shot Lee McMillen. I had the gun over my arm and it just went off some way and shot him." Unless defendant's evidence brought the boy's carelessness to the gate, and showed the playing there caused the gun's discharge, the court was bound to submit the case to the jury on the evidence above quoted,

under proper instructions. The standard of responsibility for a child is his capacity to understand and avoid danger. They are required to exercise that degree of care and caution which persons of like age, capacity and experience might use under similar conditions, and if it had appeared the boys were knocking the gun about, the trial court would have been justified in branding it as the grossest kind of negligence.

The court below refused to admit evidence of the dress and general appearance of Charles Meyers at the time the gun was purchased and shortly thereafter, for the purpose of showing defendant wilfully and knowingly sold the gun to a minor. The boy wore short trousers and a blouse waist. Personal appearance should be received as some indication of a child's age; it may be slight evidence, but its weight is for the jury. It might be, under given circumstances, extremely difficult to tell age by observation, but this relates more generally to older persons. Where age is one of the necessary ingredients of a crime, appearance, standing alone, would hardly be considered sufficient to establish the fact. Here we have the testimony as to age, the boy's general appearance and the manner of dress; under these circumstances, the evidence should have been admitted.

The assignments of error are sustained and the judgment is reversed with a venire facias de novo.