SARA SZABO, ADMINISTRATRIX AD PROSEQUENDUM,
ETC., PLAINTIFF-APPELLANT, v. PENNSYLVANIA RAIL-
ROAD COMPANY, DEFENDANT-RESPONDENT.

Argued May 17, 1944—Decided January 4, 1945.

For the appellant, *Philip Blacher* (*Herman D. Ringle,* of
counsel).

For the respondent, *John A. Hartpence* (*James R. Laird,
Jr.,* of counsel.)

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This cause was tried at the
Middlesex Common Pleas resulting in a verdict in favor of
the plaintiff-appellant.

The complaint originally consisted of five counts but all were eliminated except the first two and the cause was submitted as an action under the Federal Employer's Liability Act, seeking recovery of damages for the death of plaintiff-appellant's husband, who was employed as a laborer by the defendant-respondent and was a member of a track maintenance crew.

The first count charges that appellant's intestate, while engaged as a track maintenance laborer, was prostrated by the heat and by reason thereof became powerless to help and care for himself and because thereof it became the duty of the respondent to give him immediate attention and first aid and, if his emergent necessities so required, medical care and assistance, which it failed to do and by reason thereof appellant's intestate died.

The second count charges that the defendant-respondent undertook to care for its stricken employee and failed to discharge this duty with reasonable prudence and due care.

The defendant-respondent has and now does insist and urge that under the facts and circumstances of this case no legal duty rested upon it and that any action upon the part of its foreman or other members of decedent's gang or crew was beyond the scope of their employment and not binding upon it.

Respondent appealed from appellant's judgment in the Common Pleas to the Supreme Court and that Court reversed the judgment and the plaintiff below now appeals to this court.

It is conceded that in this and other jurisdictions, the law is, that in the absence of a contract or a statute, there rests no duty upon an employer to provide medical service or other means of cure to an ill, diseased or injured employee, even though it result from the negligenec of the master, *Koviacs* v. *Edison Portland Cement Co.,* 3 *N. J. Mis. R.* 368; 39 *C. J.* 240, § 348; 18 *R. C. L.* 506.

In our judgment there is a sound and wise exception to this rule, founded upon humane instincts.

That exception is, that where one, engaged in the work of his master receives injuries, whether or not due to the negli-

gence of the master, rendering him helpless to provide for his own care, dictates of humanity, duty and fair dealing, require that the master put in the reach of such stricken employee such medical care and other assistance as the emergency, thus created, may in reason require, so that the stricken employee may have his life saved or may avoid further bodily harm. This duty arises out of strict necessity and urgent exigency. It arises with the emergency and expires with it.

This precept probably had its inception in the code of moral conduct, but, like many others, such as furnishing the employee with a safe place in which to work, and proper tools with which to labor, has become a legal duty incorporated in every contract of hiring, by legal inference, notwithstanding a lack of specific provision or statutory requirement. *Carey* v. *Davis*, 190 *Iowa* 720; 180 *N. W. Rep.* 889; 12 *A. L. R.* 904, 909, *et seq.,* and the cases cited there; *Ohio and M. R. Co.* v. *Early*, 141 *Ind.* 73, 91; 28 *L. R. A.* 546; 40 *N. E. Rep.* 257; *Shaw* v. *Chicago, M. and St. P. R. Co.*, 103 *Minn.* 8; 114 *N. W. Rep.* 85; *Raasch* v. *Elite Laundry Co.*, 98 *Minn.* 357; 7 *L. R. A.* (*N. S.*) 940; 108 *N. W. Rep.* 477; *Hunicke* v. *Meramac Quarry Co.*, 262 *Mo.* 560; *L. R. A.* 1915C, 789; *Terra Haute and I. R. R. Co.* v. *McMurray*, 98 *Ind.* 358; 49 *Amer. Rep.* 752; *Depue* v. *Flatau*, 100 *Minn.* 299; 8 *L. R. A.* (*N. S.*) 485; 111 *N. W. Rep.* 1.

Now this emergency must arise in the presence of the employer but a superior employee in charge of the particular work is sufficient to charge the master. *Hunicke* v. *Meramac Quarry Co., supra.* Footnotes, *Ohio and Mississippi Railway Co.* v. *Early, supra;* 28 *L. R. A.* 547; *Holmes* v. *McAllister*, 123 *Mich.* 493: 82 *N. W. Rep.* 220; 28 *L. R. A.* 396; *Terra Haute and I. R. R. Co.* v. *McMurray, supra.*

Of this legally created duty the United States Supreme Court in *Cortes* v. *Baltimore Insular Line*, 287 *U. S.* 367, 376, 377, seems to have taken notice by its reference thereto in the citation of the cases, *Ohio and Mississippi Railway Co.* v. *Early; Shaw* v. *Chicago, Minn. & St. P. Railway Co.; Raasch* v. *Elite Laundry Co.*, and *Hunicke* v. *Meramac Quarry Co.*, all *supra.*

The Supreme Court in reversing the judgment of the Common Pleas says:

"We think the motion for nonsuit should have been granted at the end of the plaintiff's case and at the end of the whole case the motion for directed verdict for the defendant should have been granted because there was no proof that the death of the decedent was caused by any act of the employer which had been negligently performed. · No evidence in the case leads to the fair assumption that the employer had knowledge, or should have had, that the employee was mortally stricken."

With this we do not agree.

The foreman of this labor crew had an experience, as such, for a period of thirty-three years. While he was not called upon to correctly diagnose decedent's particular ailment he could or should have known of his physical and mental collapse, and inability to care for himself, whatever the cause, if it existed.

He saw and knew the physical prostration of decedent because he directed him to cease work. He knew that decedent could not care for himself because he directed two fellow employees to convey him to his home—one because he had an automobile and the other because he knew where he resided. He knew that these two had to support and assist him into the conveyance.

We conclude that this and all of the evidence made it necessary for the jury to decide whether or not the condition of the decedent was such that the foreman knew or should have known that it presented an emergency requiring more or greater care than was exercised.

And this applies to the care exercised whether there was an initial duty resting upon the respondent or one voluntarily assumed.

The foreman was in control of decedent and his associates. He directed and controlled their work and acts. The question was—under the conditions as he knew them or should have known them, did he exercise due care in simply directing, as he did, that decedent be conveyed to his home or should he have given directions assuring the delivery of the afflicted man to his family, to a physician or to a hospital so

that he might receive the required care that he was unable to direct and command for himself?

In taking him home and leaving him there alone without care or attention the two fellow workmen simply obeyed the orders of their superior, the foreman, to whom the negligence, if any, harks back.

In any event it was for the jury to pass upon the proofs, under proper instructions from the court, and it would have been error for the trial court to nonsuit or direct a verdict.

But respondent now urges several other grounds of appeal which it says constitute such prejudicial error as to call for an affirmance of the judgment of the Supreme Court even if not sustained upon the foregoing grounds.

There is nothing in the opinion of the Supreme Court or the record before us showing that these grounds were argued below. Respondent says they were "submitted" below. An examination of the brief filed in the Supreme Court shows that these grounds were stated in the identical manner and language as now stated in the brief in this court. There is no argument or citation of authorities but simply an assertion by counsel that they constituted error. This does not meet the requirements of the rules and practice of this court.

We have, however, examined them and find therein no harmful error.

The judgment of the Supreme Court is reversed, with costs.

*For affirmance*—CASE, J. 1.

*For reversal*—THE CHANCELLOR. PARKER, DONGES, PERSKIE, PORTER. HAGUE, THOMPSON. DILL, JJ. 8.