Joseph GALVIN, Appellant,

v.

William H. JENNINGS, individually and trading as Poison Pete's Tavern.

No. 13443.

United States Court of Appeals Third Circuit.

Argued March 7, 1961.

Decided April 6, 1961.

McLaughlin, Circuit Judge, dissented in part.

Donald J. Farage, Philadelphia, Pa., for appellant.

William J. McGovern, Newton, N. J. (Mackerley & Friedman, Newton, N. J., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and FORMAN, Circuit Judges.

GOODRICH, Circuit Judge.

This is a tort case in which the District Court for the District of New Jersey gave judgment for the defendant on the ground that the complaint failed "to state a cause upon which relief may or can be granted." At this stage, of course, the complaint "must be viewed in the light most favorable to the plaintiff." Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580, 581. The case is in federal court on the grounds of diversity only. The events on which the complaint is based all oc-

curred in New Jersey[1] and the rights and liabilities of the parties are determined by New Jersey law. This simple undisputed proposition requires no citation of authority.

The plaintiff says in his complaint that on a day in July in 1958 about ten o'clock in the morning he entered defendant's place of business and while there was served strong alcoholic beverage even after he was noticeably intoxicated. Then comes the critical language and it seems best to quote it in the words of the complaint:

> "Upon leaving the defendant's tavern, plaintiff was able neither to walk nor to drive properly, and, indeed, was so inebriated that it was necessary for defendant Jennings to come outside and give plaintiff specific and extensive instructions as to which way to turn his steering wheel in order that plaintiff might drive his car from defendant's parking lot."

The complaint then goes on to say that because of his intoxicated condition, the plaintiff became involved in an automobile accident shortly after leaving the defendant's tavern. This is followed up by a more detailed statement of the injuries which plaintiff says he suffered from the accident.

There are two approaches to the alleged facts in determining whether the defendant may be charged with liability-creating conduct toward this plaintiff. The first depends upon no statute whatever. It has to do with the responsibility of the proprietor of premises to another, whether he be business guest, licensee or even trespasser[2] in removing or helping to remove the guest from the owner's premises. A leading case is Black v. New York, N. H. & H. R. Co., 1907, 193 Mass. 448, 79 N.E. 797, 7 L.R.A.,N.S., 148. Black was a passenger on the railroad and entered the train in an intoxicated condition. His intoxication was apparent. When the train arrived at Ashmont, Black's destination, the conductor and the brakeman helped him down from the train and led him to a series of steps leading up from the platform to the station. They got him about half way up and left him there. Black reeled for a moment or so and then fell backward down the steps hurting himself. A directed verdict for the defendants was reversed. Mr. Chief Justice Knowlton, for the court, said: " * * * they voluntarily undertook to help him from the car, and they were bound to use ordinary care in what they did that might affect his safety. Not only in the act of removal, but in the place where they left him, it was their duty to have reasonable regard for his safety in view of his manifest condition. The jury might have found that they were negligent in leaving him on the steps where a fall would be likely to do him much harm." Variations of this set of facts are found in many cases reported from many states.[3]

The interesting case of Depue v. Flateau, 1907, 100 Minn. 299, 111 N.W. 1, 8 L.R.A.,N.S., 485, is familiar to many tort students. There the householder assisted a sick passenger into his sleigh and started him off on a cold Minnesota winter night. The man fell out of his sleigh and suffered harm from exposure. The

---

1. The complaint does not indicate the state in which the automobile accident occurred. It does allege that the accident was "shortly after" plaintiff left defendant's tavern which was located in New Jersey. The parties have both assumed that New Jersey law is applicable, and so do we. Cf. Schmidt v. Driscoll Hotel, Inc., 1957, 249 Minn. 376, 82 N.W. 2d 365.

2. Under New Jersey law the eviction of a trespasser must be in "wanton disregard of the reasonable necessities of the situation," and mere negligence will not sustain recovery. See, e. g., Miller v. Oscar Schmidt, Inc., 1924, 100 N.J.L. 324, 126 A. 309, 310.

3. See, e. g., Fagg's Adm'r v. Louisville & N. R. Co., 1901, 111 Ky. 30, 63 S.W. 580, 54 L.R.A. 919; Veenstra v. United Rys. & Electric Co., 1925, 148 Md. 512, 129 A. 678; Fagan v. Atlantic Coast Line R. Co., 1917, 220 N.Y. 301, 115 N.E. 704, L.R.A.1917E, 663. Cf. Kambour v. Boston & M. R. R., 1913, 77 N.H. 33, 86 A. 624, 45 L.R.A.,N.S., 1188.

court had no difficulty in finding the foundation for liability here. Note that in this case the plaintiff was ill, not drunk, but the liability has been found in many other cases of ejection of drunks from a tavern, a private club and a railroad depot.[4] A court also found a defendant liable whose employees failed to prevent the decedent who was visibly intoxicated from wandering onto its property and falling into a grinding machine.[5]

In the case before us we have not merely the sale of intoxicants to a drunk but the allegation of specific directions to get him from the defendant's premises on to the public highway. This we think is analogous to the assistance the railroad employees gave to Black in the case discussed earlier. What would be the situation if Poison Pete had simply sold this plaintiff too much liquor and then let him leave by himself is something we do not need to consider on this phase of the case.[6]

A second theory for finding a basis of liability is the violation by the defendant of Regulation No. 20, Division of Alcoholic Beverage Control, New Jersey, Rule 1:

"No licensee shall sell, serve or deliver or allow, permit or suffer the sale, service or delivery of any alcoholic beverage, directly or indirectly * * * to any person actually or apparently intoxicated, or allow, permit or suffer the consumption of any alcoholic beverage by any such person in or about the licensed premises." [7]

This rule was said by the Supreme Court of New Jersey to be "in furtherance of the legislative policy." Rappaport v. Nichols and Hub Bar, Inc., 1959, 31 N.J. 188, 201, 156 A.2d 1, 8. In that case it was held that the dram shop proprietor who had sold liquor to a drunk was liable to an innocent third person when the drunk, operating his car, hit that person. That, of course, is not this case. The court did, however, assume that the regulation already cited was not narrowly intended to benefit the minors and intoxicated persons alone but was to protect the public as well. 31 N.J. at page 202, 156 A.2d at page 8. In other words, the court assumes that the regulations are to protect minors, drunks and other incompetent persons and then extends the protection further than that. That

4. Weymire v. Wolfe, 1879, 52 Iowa 533, 3 N.W. 541 (tavern); McClean v. University Club, 1951, 327 Mass. 68, 97 N.E.2d 174 (private club—evidentiary dispute whether drunk or ill as result of extended drinking); Adams v. Chicago Great Western R. Co., 1912, 156 Iowa 31, 135 N.W. 21, 42 L.R.A.,N.S., 373 (railroad depot). Cf. School v. Belcher, 1912, 63 Or. 310, 127 P. 968 (resort hotel and guest—distinguishing nonfeasance and misfeasance).

Cases following the Depue line have held liability could exist in the situation of an individual in a perilous position through no antecedent fault of the defendant, where the defendant, having a special relationship to the plaintiff, had a duty to render assistance and failure to exercise due care was alleged. L. S. Ayres & Co. v. Hicks, 1942, 220 Ind. 86, 40 N.E. 2d 334 (store's delay in freeing child's hand from escalator); Raasch v. Elite Laundry Co., 1906, 98 Minn. 357, 108 N.W. 477, 7 L.R.A.,N.S., 940 (employer turned on wringer in which employee's hand was caught); Szabo v. Pennsylvania R. Co.,

1945, 132 N.J.L. 331, 40 A.2d 562 (employer's improper treatment of employee with heat prostration). Whether the theory underlying liability is called "last clear chance," "discovered peril" or something else is not significant. See text *infra*.

5. Gaylord Container Corp. v. Miley, 5 Cir., 1956, 230 F.2d 177.

6. There are numerous cases holding that the mere sale of liquor to an intoxicated person does not create liability by the seller for harm caused to the purchaser because of his intoxicated condition. See, e. g., Noonan v. Galick, 1955, 19 Conn. Super. 308, 112 A.2d 892. But see, Hitson v. Dwyer, 1943, 61 Cal.App.2d 803, 143 P.2d 952. No New Jersey cases on this point have been discovered.

7. The statutory authority for the regulation is N.J.Stat.Ann. § 33:1–39. Regulations promulgated pursuant to this authority have the force and effect of law. Cino v. Driscoll, 1943, 130 N.J.L. 535, 34 A. 2d 6.

is not conclusive, of course, but it tends to show the assumption by the New Jersey court that the regulations were to protect incompetents against their own incompetency.

Furthermore, the New Jersey court cites with approval the Pennsylvania case of Schelin v. Goldberg, 1958, 188 Pa. Super. 341, 146 A.2d 648 (leave to appeal denied February 27, 1959). In this case the Superior Court, through Judge Woodside, discussed the repeal of the Act of 1854 and called attention to Section 493 of the Liquor Code of 1951, Pa.Stat.Ann., tit. 47, § 4–493(1), which made it unlawful to sell liquor to any person visibly intoxicated. The court thought that the statute was not only to protect society generally but to protect intoxicated persons from their inability to take care of themselves. It is New Jersey law we are discussing, of course, but the fact that the New Jersey court referred with approval and discussed the Pennsylvania case we believe to be relevant in our consideration here.

■ The proposition is general that a statute, or regulation having force of statute, can establish a standard of care and that one who violates it has therefore acted in a way to create liability if the other elements of a torts case are satisfied.[8]

■ Now we turn to the more difficult phase of the case, namely, whether plaintiff is not barred as a matter of law by his own contributory negligence. It can be granted that he was a law breaker in operating his motor vehicle while drunk. N.J.Stat.Ann. § 39:4–50. But this does not settle the question. Black, in the Massachusetts case quoted from, was

drunk too and so were the plaintiffs in several other of the cases cited above.[9] In the Black case and in some of the others the court has met the problem by pointing out that the facts fall within the type of situation where a plaintiff by his antecedent negligence has placed himself in the position of helpless peril. The defendant, having knowledge of the situation, has an opportunity by reasonable care to avoid the injury. The defendant is liable. Chief Justice Knowlton says this is because the plaintiff's former negligence is only remotely connected with the accident, while the defendant's conduct is the sole direct and proximate cause of it. And he adds later, "The rule has often been applied in favor of plaintiffs whose intoxication prevented them from using care to protect themselves from the consequences of the subsequent act of negligence of another person, done with the knowledge of their intoxication." (Citing cases from New Hampshire, Maryland, Michigan and Indiana.) This sounds something like the doctrine of the last clear chance. New Jersey, however, does not call it that and Mr. Justice Brennan, in Pangborn v. Central R. Co. of N. J., 1955, 18 N.J. 84, 112 A.2d 705, speaking for the Court, says that it considers the language of proximate cause preferable to the use of the label last clear chance. The case cited is not an intoxication case but does have to do with recovery by plaintiffs whose earlier acts have put them in a position of danger. See the comments by Judge Clark on the New Jersey rule in Sutton v. Public Service Interstate Transp. Co., 2 Cir., 1946, 157 F.2d 947, 948.

We think what has been said is enough to dispose of the contributory negligence

8. See Harper & James, Torts § 17.6 (1956); Prosser, Torts § 34 (1955); Moore's Trucking Co. v. Gulf Tire & Supply Co., 1952, 18 N.J.Super. 467, 87 A.2d 441.

9. Gaylord Container Corp. v. Miley, 5 Cir., 1956, 230 F.2d 177; Hitson v. Dwyer, 1943, 61 Cal.App.2d 803, 143 P.2d 952; Adams v. Chicago Great Western R. Co., 1912, 156 Iowa 31, 135 N.W. 21, 42 L.R.A.,N.S., 373; Weymire v. Wolfe,

1879, 52 Iowa 533, 3 N.W. 541; Fagg's Adm'r v. Louisville & N. R. Co., 1901, 111 Ky. 30, 63 S.W. 580, 54 L.R.A. 919; Veenstra v. United Rys. & Electric Co., 1925, 148 Md. 512, 129 A. 678; McClean v. University Club, 1951, 327 Mass. 68, 97 N.E.2d 174; Fagan v. Atlantic Coast Line R. Co., 1917, 220 N.Y. 301, 115 N.E. 704, L.R.A.1917E, 663; Schelin v. Goldberg, 1958, 188 Pa.Super. 341, 146 A.2d 648.

phase of the case but there is another aspect that we may well consider. When a statute sets up a standard in some instances the court says that violation of the standard by a defendant resulting in injury to a plaintiff is not to be defended on the basis of the plaintiff's contributory negligence. The theory is that the prohibition in the statute represents a device to protect an incompetent against the consequence of his incompetency. A familiar application of this principle is in the protection given minors against the defense of contributory negligence where the defendant has violated a statute for their protection. See Restatement, Torts, § 483.

The Pennsylvania Superior Court case above cited discussing earlier Pennsylvania rules talked about this phase of the situation as protecting intoxicated persons "from their inability to exercise self-protective care." [188 Pa.Super. 341, 146 A.2d 652]. It has already been pointed out that the New Jersey court in Rappaport mentioned the statute being for the benefit of the class protected. Other applications of this principle are found in numerous cases.[10]

It is to be noted in this connection that the New Jersey courts have been exceedingly receptive to the principles stated in the Restatement of Torts[11] and New Jersey acceptance of the principle outlined above is, we think, exceedingly likely.

Finally, on the subject of contributory negligence, there is a well accepted doctrine that if a defendant's conduct is wanton and willful the contributory negligence rule does not apply.[12] It is not at all unlikely that a trier of the fact could find the action of this defendant in helping a man with a morning-acquired state of intoxication into a car and sending him out on a public highway might well be considered reckless and wanton conduct on the defendant's part.

Whether this plaintiff can establish the facts which he has alleged and bring himself within the rules above discussed is a matter which only a trial can settle. But we think that he has set out a claim which, if he can prove it, would entitle him to recover.

The judgment will be reversed and the case remanded for further proceedings consistent with this opinion.

McLAUGHLIN, Circuit Judge (dissenting in part and concurring in part).

The critical language of the complaint quoted in the majority opinion states exactly what defendant is alleged to have done after plaintiff left the tavern. What he did and all that he did was " * * * *give plaintiff specific and extensive instructions as to which way to turn his steering wheel in order that plaintiff might drive his car from defendant's parking lot."* (Emphasis supplied.) That language or any inference from it does not support the present statement

---

10. See, e. g., Osborne v. Salvation Army, 2 Cir., 1939, 107 F.2d 929 (use of safety appliances for window cleaning); Terry Dairy Co. v. Nalley, 1920, 146 Ark. 448, 225 S.W. 887, 12 A.L.R. 1208 (child labor laws); Bennett Drug Stores, Inc. v. Mosely, 1942, 67 Ga.App. 347, 20 S.E. 2d 208 (sale of poison without disclosing its nature—decedent intoxicated when he made purchase); Atchison, T. & S. F. R. Co. v. Paxton, 1907, 75 Kan. 197, 88 P. 1082 (railroad liable for animals killed when track unfenced); Bowen v. Boston & A. R. Co., 1901, 179 Mass. 524, 61 N.E. 141 (fire started by railroad engine); Koenig v. Patrick Const. Corp., 1948, 298 N.Y. 313, 83 N.E.2d 133 10 A.L.R.2d 848 (safe equipment for repair of buildings); McMillen v. Steele,

1923, 275 Pa. 584, 119 A. 721 (sale of gun to minor—defense only eliminated as to minor who purchased gun).
  See also, Prosser, Contributory Negligence as Defense to Violation of Statute, 32 Minn.L.Rev. 105 (1948).

11. See generally, Dudley v. Victor Lynn Lines, Inc., 1960, 32 N.J. 479, 161 A.2d 479; Stoelting v. Hauck, 1960, 32 N.J. 87, 159 A.2d 385; Strang v. South Jersey Broadcasting Co., 1952, 9 N.J. 38, 86 A.2d 777; Doktor v. Greenberg, 1959, 58 N.J.Super. 155, 155 A.2d 793; Pearlstein v. Leeds, 1958, 52 N.J.Super. 450, 145 A.2d 650.

12. Tabor v. O'Grady, 1960, 61 N.J.Super. 446, 161 A.2d 267. See Restatement, Torts § 482 (1934).

**20**

in the majority opinion that "This we think is analogous to the assistance the railroad employees gave to Black in the case discussed earlier." In Black the conductor and the brakeman helped the intoxicated man down from the train, led him to a series of steps leading up from the platform to the station, got him about half way up and left him there; then Black reeled for a moment or so and fell backward down the steps hurting himself. Here, the plaintiff left the tavern, went to his car and started it. After all that the defendant came outside and performed the ordinary parking lot service of giving instructions so "that plaintiff might drive his car from defendant's parking lot."

Founded as it is on an erroneous premise I think that the first theory in the majority opinion is invalid.

The second theory finds a basis for liability in the violation by the defendant of Regulation No. 20, Division of Alcoholic Beverage Control, New Jersey, Rule 1. We have no New Jersey guidance as to what the policy of that state would be in the present type of situation, namely, where plaintiff driving his car while drunk was involved in an accident because of his condition and was injured. He sues the tavern-keeper who sold him the liquor. Does the New Jersey Alcoholic Beverage Rule blot out his own contributory negligence? Here there is nothing remote about the latter; it proximately caused this accident. My view is that until the New Jersey courts answer the question in the affirmative, we have no justification for assuming that they will.

The third ground for making a jury question of the cause set out in the complaint is that if the defendant is guilty of wilful negligence plaintiff's contributory negligence does not defeat his claim, unless of course his contributory negligence was also wilful. Tabor v. O'Grady, App. Div.1960, 59 N.J.Super. 330, 157 A.2d 701, on rehearing App.Div.1960, 61 N.J. Super. 446, 161 A.2d 267. This was not presented to the district court at all. I think it is sound and that it necessitates a trial.