[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appears to be a case of first impression in Connecticut.
Plaintiff has brought her amended complaint dated September 25, 1996 in six counts alleging negligence and recklessness against the defendants that caused an automobile accident resulting in the death of her daughter on I-84 on December 22, 1995. The amended complaint against the defendant, driver, Nicholas Grimaldi, hereafter, "Grimaldi" alleges, inter alia, that Grimaldi was impaired by the consumption of alcohol. In the fifth and sixth counts directed at the defendant, Hilary Fisher, hereafter "Fisher", the amended complaint alleges, inter alia, that Fisher assisted Grimaldi, a minor, in his negligence and CT Page 697 recklessness by taking charge of him after he had become intoxicated at his place of employment, by then driving him to the home of the defendant, William J. Mulka, hereafter "Mulka", to enable and assist him to consume additional intoxicating liquor, and thereafter, knowing he was intoxicated, drove him back to his automobile, thereby substantially assisting and encouraging him to operate his automobile on the highway while under the influence of intoxicating liquor. Fisher, by motion dated November 20, 1996, has moved to strike both counts against her alleging that Fisher did not owe a legal duty to third persons for injuries caused by the negligence of Grimaldi and that, therefore, plaintiff has failed to state a claim upon which relief can be granted. Briefs were filed by the plaintiff and Fisher and oral argument was held on January 27, 1997.
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Connecticut Practice Book § 152. See generally, Mingachos v. CBS,Inc. 196 Conn. 91, 108 (1985) (pleadings). See also, Krasnow v.Chrisfensen, 40 Conn. Sup. 287 (1985) (special defenses); andFairfield Lease Corp v. Romano's Aufo Service, 4 Conn. App. 495,496 (1985) (counterclaims). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings." Kania v. Board ofEducation, 195 Conn. 90, 93 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc.4 Conn. App. 132, 134-135 (1985). The burden of alleging recognizable special defenses and counterclaims rests upon the defendant. Cf.McAnerney v. McAnerney, 165 Conn. 277 (1973).
At oral argument, Fisher stated she relied on the case ofDennison v. Koltz, 12 Conn. App. 750 (1987) and that she had found no cases where a non passenger had been found liable for the negligence of an intoxicated driver. This court finds that Fisher's reliance upon Dennison, supra, is misplaced. Based upon that and plaintiff's contention at the bottom of page nine of her December 11, 1996 brief that "this specific type of negligence has apparently never been resolved by a Connecticut court," this court finds this issue to be a case of first impression in Connecticut. CT Page 698
In Dennison, supra, the plaintiff, whose decedent was a passenger, brought suit against the driver and against another passenger alleging that such other passenger owed a duty to the deceased passenger to prevent the driver from causing harm. "The Appellate Court held that a non-driver such as a passenger, . . . and who has not committed some affirmative act . . . does not owe a legal duty to third persons injured by the driver's negligence." Fisher's brief dated November 17, 1996, pgs. 34.Dennison also holds that ". . . inaction by a Defendant passenger does not give rise to liability to a fellow passenger or third party injured by the driver's conduct" supra at pps. 582-83. On this basis the court further found that not only should liability not be attached to the inaction of a passenger, but it should also not attach to third parties such as bystanders or witnesses who failed to take preventive action. In the cases at bar, however, the facts are different from Dennison, the court draws a distinction between the facts in that case and plaintiff's argument of liability when ". . . the guest directs or encourages the negligent act." The court specifically declined to address this theory of liability ". . . because the complaint alleges no such affirmative conduct on the part of the defendants." This is in sharp contrast to the amended complaint in the case at bar in which the plaintiff alleges a series of affirmative acts which substantially assisted Grimaldi in his negligence and recklessness.
In Section 876 of the Restatment of 2nd of Torts, a person may be liable to a third person for the tortious conduct of another if he "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself."[1] That is exactly what is contained in the allegations of the plaintiff in the case at bar. In Nolan v. Morelli, 154 Conn. 432, 443 (1967) the court drew a distinction between passive nonparticipation and active assistance in the commission of a tort. Nolan cited Galvin v.Jennings, 289 F.2d 15, 16 (3d Cir) where it was alleged that the defendant proprietor actively assisted an intoxicated person in getting his motor car out of the parking lot and onto the public highway.
The holding in Carney v. DeWees, 136 Conn. 256 (1949) is also instructive. Applying the same section of the Restatement, supra, the court found the driver of a vehicle in a street race to be liable even though it was the other driver who caused the injury because he had, by his affirmative conduct, encouraged the other CT Page 699 driver to operate recklessly.
In looking at other jurisdictions the cases cited by the plaintiff all do hold that whether there was "substantial" assistance" must be resolved by the trier of fact.[2] In addition, they hold that someone giving substantial assistance to the tortfeasor is also a tortfeasor and some cite theRestatement, 2d 876, supra.
The problem in the case at bar is that Fisher refuses to recognize the amended complaint as alleging substantial assistance to Grimaldi through affirmative acts by Fisher, and merely claims that she was a bystander.
This court finds that bases upon the allegations of the amended complaint Counts 5 and 6 against Fisher and for the reasons stated above, Fisher did owe a legal duty to the plaintiff's decedent, and Counts 5 and 6 do state a claim upon which relief can be granted. Accordingly, Fisher's motion to strike dated November 20, 1996 is denied.
Rittenband, J.