LESLIE S. MENGER AND JOHN T. HILTON v. GUSTAV LAUR.

1.  In the trial of cases where it appears that both parties were in fault, the primary consideration is, whether the faulty act of the plaintiff was so remote from the injury as not to be regarded in a legal sense as a cause of the accident, or whether the injury was proximately due to the plaintiff's negligence as well as to the negligence of the defendant.

2.  If the faulty act of the plaintiff simply presents the condition under which the injury was received, and was not in a legal sense a contribu-

tory cause thereof, then the sole question will be whether, under the circumstances and in the situation in which the injury was received, it was due to the defendant's negligence.

3. But if the plaintiff's negligence proximately contributed in any degree to the injury, that will disentitle them to recovery. A court of law cannot undertake to apportion the damages arising from the co-operating negligence of both parties, or determine the comparative degree of the negligence of each; and the plaintiff will, in such a case, be without remedy unless the wrongful act of the defendant was willful, or amounted to an intentional wrong. *Davies* v. *Mann*, 10 *Mees. & W.* 546; *Dowell* v. *Steam Navigation Co.*, 5 *El. & B.* 195; *Tuff* v. *Warman*, 3 *C. B., N. S.*, 740; *S. C.*, 5 *Id.* 573, and *Radley* v. *L. & N. W. Ry. Co.*, 1 *App. Cas.* 754, discussed.

4. The plaintiffs set up a surveyor's instrument in the roadway of a public street, where it was liable to injury from passing vehicles driven with the utmost care, and. left the instrument without anyone to look after its safety or to warn persons of its presence. The defendant was driving slowly along the street, looking at some houses on the side of the street, for the roofing of which he had contracted, to see whether the slaters were getting them finished. The street was unobstructed except by the plaintiffs' instrument. The defendant did not see the instrument, and had no reason to expect to encounter an obstacle of that or any other character. *Held* (1), that the plaintiffs were guilty of contributory negligence such as disentitled them to a recovery, and (2) that there was no evidence of negligence on the part of the defendant to go to the jury.

On *certiorari* to Common Pleas of Bergen county.

Argued at November Term, 1892, before Justices DEPUE, REED and WERTS.

For the plaintiffs, *Copeland & Luce*.

*Contra, Addison Ely.*

The opinion of the court was delivered by

DEPUE, J. This was an action to recover damages for an injury done to a surveyor's instrument known as a transit, consisting of a telescope, compass, Vernier's scales, &c., mounted on a tripod, and standing when set up in position about five feet high. The declaration alleges that the plaint-

iffs were using the instrument upon a public highway, and that the defendant was driving along the said highway, and then and there did drive his horse and wagon so carelessly, negligently and unskillfully, that by his carelessness, negligence and want of skill the said instrument was run into and was thereby greatly damaged. At the trial the court non-suited the plaintiffs on two grounds: (1) That there was no proof of negligence on the part of the defendant, and (2) that the plaintiffs were guilty of contributory negligence in exposing the instrument to danger by leaving it standing in the public highway.

The place where the occurrence happened was in Orient street, in the town of Rutherford. The street is one hundred feet wide, with a roadway for vehicles sixty feet wide from curb to curb, with a strip of macadam fifteen feet wide in the middle of the roadway. The instrument was in charge of Worthington N. Jacobus, an employe of the plaintiffs, who, with two assistants, was engaged in surveying a plot of ground situated on the southerly side of the street. The instrument was set up in the middle of the street. One of the assistants was sent with a brush-hook to clear away some bushes growing on the plot to be surveyed. Worthington and his other assistant were engaged at the side of the street along the front of the plot, attending to the details of the work required to be done there. The instrument meanwhile was left standing in the middle of the road, without anyone to look after it. The instrument had been left thus standing in the road about five minutes when the defendant came along in his wagon and ran into it; the shaft of the wagon, coming between the legs of the instrument, pushed it over and injured it.

The defendant was driving slowly. He stopped his horse and turned around immediately after the mishap, and said he did not notice the instrument. There was no contention on the part of the plaintiffs that the defendant's act was willful, and the only proof of negligence was that at the time of the collision, as he was driving along, he was looking at some

houses then being built on the side of the street, for the roof-
ing of which he had contracted; that he was driving along at
a slow pace, looking at the roofs to see whether the slaters
were getting them finished.

Worthington testified that while setting up the instrument
he noticed the defendant down the road; but at that time he
did not notice that the defendant was coming on; and that
not having occasion afterwards to look at the street, the wit-
ness did not know that the defendant was coming up the
street towards him; that when the witness saw the defendant
he was about five hundred feet from the place where the
instrument was set.

The instrument standing in the traveled way of a public
street was a nuisance. It was left standing in that place
without anyone in charge to look after it and warn persons
lawfully using the public street of its presence there, and
Jacobus knew that the defendant was in the street with his
horse and wagon and might have occasion to pass that part
of the street. It was an act of negligence in. Jacobus to leave
the instrument in the street without anyone to look after it
and care for it.

To sustain the plaintiffs' right to recover damages, notwith-
standing the instrument was negligently exposed to liability
to injury in the manner in which this injury was received,
counsel rely upon the much canvassed case of *Davies* v. *Mann,*
10 *Mees. & W.* 546, and *Radley* v. *L. & N. W. Ry. Co.,* 1
*App. Cas.* 754.

The earliest case in which the doctrine of contributory neg-
ligence as a bar to an action was clearly expressed is *Butter-
field* v. *Forrester,* 11 *East* 60, decided in 1809. The suit was
against the defendant, who had placed an obstruction in the
highway, by means of which the plaintiff, who was riding
along the road, was thrown from his horse and injured. The
plaintiff was riding violently, and did not observe the obstruc-
tion. At the trial, Bayley, J., directed the jury that if they
were satisfied that the plaintiff was riding along the street
extremely hard and without ordinary care, they should find a/

verdict for the defendant, which they accordingly did. In denying a new trial, Lord Ellenborough, in the King's Bench, tersely stated the principle in these words : " One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action, an obstruction in the road, and no want of ordinary care to avoid it on the part of the plaintiff."

The rule of law laid down in Butterfield *v.* Forrester was expressly approved in *Bridges* v. *G. J. Ry. Co.,* 3 *Mees. & W.* 244, and in Davies *v.* Mann, Baron Parke said : "This subject was fully considered by the court in Bridges *v.* G. J. Ry. Co., where it appears to me the correct rule is laid down concerning negligence, namely, that the negligence which is to preclude a plaintiff from recovery must be such as that he could, by ordinary care, have avoided the consequence of the defendant's negligence." The facts appearing in Davies *v.* Mann were these : The plaintiff, having tethered the forefeet of the donkey, turned it on the public highway. The roadway was eight yards wide. At the time the donkey was injured it was grazing on the side of the road, and the defendant's team, coming down a slight descent at a smartish pace, ran against it and knocked it down. The driver of the wagon was then some little distance behind the horses. In commenting upon the charge of the trial judge, Baron Parke said : " The judge simply told the jury that the mere fact of negligence in leaving the donkey on the public highway was no answer to the action unless the donkey's being there was the immediate cause of the injury ; and that if they were of opinion that it was caused by the fault of the defendant's servant * * * the mere fact of putting the ass upon the road would not bar the plaintiff of his action." On this assumption the court held that, as the defendant might, by proper care, have avoided injuring the animal, he was liable for the consequence of his negligence though the animal may have been improperly there. Davies *v.* Mann was decided upon the distinction between a faulty act of the plaintiff, remotely connected with the injury, and his negligence as a

proximate cause—taking "proximate" in its legal sense as signifying closeness of causal connection. *Kuhn* v. *Nebb*, 5 *Stew. Eq.* 647.

Cases in the line of decision with Davies *v.* Mann simply apply to the plaintiffs' conduct, as well as to the defendant's, the maxim *causa proxima non remota spectatur*. In a collision case, where the tug injured took a course in the direction which gave occasion for a collision with the defendant's steamer, Lord Chancellor Selborne, in the House of Lords, said : ".Great injustice might be done, if, in applying the doctrine of contributory negligence, the maxim, *causa proxima non remota spectatur*, were lost sight of. When the direct and immediate cause of damage is clearly proved to be the fault of the defendant, contributory negligence by the plaintiff cannot be established merely by showing that if those in charge of the ship had, in some earlier state of navigation, taken a course, or exercised a control over the course taken by the tug, which they did not actually take or exercise, a different situation would have resulted in which the same danger might not have occurred. Such an omission ought not to be regarded as contributory negligence if it might, in the circumstances which actually happened, have been unattended with danger but for the defendant's fault, *and if it had no proper connection as a cause with the damage which followed as its effect.*" *Spraight* v. *Tedcastle*, 6 *App. Cas.* 217, 219.

Davies *v.* Mann was so understood by Lord Campbell in *Dowell* v. *Steam Navigation Co.*, 5 *El. & B.* 195, 206. In that case the action was by the owner of a collier against the owners of a colliding steamer to recover damages sustained by a collision. The collier was in fault, in that it did not continue to·show a light for a reasonable time as it approached the steamer. Lord Campbell, in delivering judgment, said : "The jury must be taken to have found that this fault led to the collision. If it was a proximate cause of the collision, however much the steamer might be in fault, this action cannot be maintained. * * * In a court of common law the plaintiff has no remedy if his negligence *in any degree* con-

tributed to the accident. In some cases there may have been negligence on the part of a plaintiff remotely connected with the accident; and in these cases the question arises, whether the defendant, by the exercise of ordinary care and skill, might have avoided the accident, notwithstanding the negligence of the plaintiff, as in the often quoted donkey case, Davies *v.* Mann. There, although without the negligence of the plaintiff the accident could not have happened, the negligence is not supposed to have contributed to the accident within the rule upon this subject; and, if the accident might have been avoided by the exercise of ordinary care and skill on the part of the defendant, to his gross negligence it is entirely ascribed, he and he only proximately causing the loss." In that case the rule laid down by the court was that "a plaintiff cannot recover at law for mischief done to his ship by its being struck by defendant's ship, in consequence of the latter being improperly managed, if it appears that such improper management directly contributed in any degree to the accident, however much the defendant may also be in fault; though, if there be negligence on the part of the plaintiff only remotely connected with the accident, the question is whether the defendant, by ordinary care and skill, might have avoided the accident."

*Tuff* v. *Warman,* reported in 2 *C. B., N. S.,* 740, and in the Exchequer Chamber in 5 *Id.* 573, is cited as establishing the general proposition that the plaintiff will not be disentitled to recover if the defendant might, by the exercise of ordinary care on his part, have avoided the consequences of the plaintiff's carelessness. But it will be observed that the instruction of the trial judge which was approved in both courts was that "if both parties were equally to blame, and the accident was the result of their joint negligence, the plaintiff could not be entitled to recover; that if the negligence or default of the plaintiff was in any degree the proximate cause of the damage, he could not recover, however great may have been the negligence of the defendant; but that if negligence of the plaintiff was only remotely connected with the accident then the ques-

tion was whether the defendant might not, by the exercise of ordinary care, have avoided it." In the Common Pleas Lord Chief Justice Cockburn said : "I think the direction was right, and that the true question in these cases is whether, the damage having been occasioned by the negligence of the defendant, the negligence of the plaintiff directly contributed to it. * * * The way in which it was put on the part of the defendant was this, that, by his own negligence in omitting to keep any lookout, the plaintiff contributed to the accident. If that had been established to the satisfaction of the jury, the plaintiff's negligence would have been directly contributory, and the defendant would have been entitled to a verdict." Cresswell, J., quoted with approbation the extract above quoted from Lord Campbell's opinion in Dowell *v.* The G. S. Navigation Co. Williams, J., after citing the same case, said : "The law was there laid down, in conformity with several previous decisions, that, if the negligence or default of the plaintiff was in any degree the proximate cause of the damage, he cannot recover, however great may have been the negligence of the defendant ; but that, if the negligence of the plaintiff was only remotely connected with the accident, then the question is whether the defendant might not, by the exercise of ordinary care, have avoided it. So far the doctrine of the cases is perfectly plain." He added : "I dissent entirely from the proposition that the plaintiff is disentitled to recover if his negligence is either proximately or remotely connected with the accident, but I feel great difficulty in dealing with the question whether the negligence was proximate or remote, and certainly feel great difficulty in getting rid of that question of law by leaving it to the jury." In the Exchequer Chamber, as in the court below, the contention of the defendant's counsel was that whether the plaintiff directly or indirectly contributed to the injury was immaterial—if he contributed to it by his negligence at all he could not recover. In the judgment of affirmance this contention was repudiated, and the instruction of the trial judge was sustained.

In the judgment of affirmance in the Exchequer Chamber Wrightman, J., laid down the rule to be that "the proper question for the jury in this case, and indeed in all others of the like kind, is, whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary and common care and caution, that, but for such negligence or want of ordinary care and caution on his part, the misfortune would not have happened. In the first case the plaintiff would be entitled to recover, in the latter not; as, but for his own fault, the misfortune would not have happened. Mere negligence or want of ordinary care or caution would not, however, disentitle him to recover, unless it were such that, but for that negligence or want of ordinary care and caution, the misfortune could not have happened, *nor, if the defendant might, by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff.*" A reasonable construction of these paragraphs would apply the concluding member of the last sentence to the introductory words of the same sentence, and not extend it so that it should qualify all that is contained in the preceding sentences, especially in view of the prior decisions, and of the charge of the trial judge which was approved. But in *Radley* v. *L. & N. W. Ry. Co.*, 1 *App. Cas.* 754, 759, Lord Penzance used the following language: "The first proposition is a general one, to this effect: that the plaintiff, in an action for negligence, cannot succeed if it is found by the jury that he has himself been guilty of any negligence or want of ordinary care which contributed to cause the accident. But there is another proposition equally well established, and it is a qualification upon the first; namely, that though the plaintiff may have been guilty of negligence, and *although that negligence may in fact have contributed to the accident, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him.*"

The qualification expressed in the latter opinion, as I have endeavored to show, cannot be considered as supported by Davies *v.* Mann, for, as already said, the court in that case, in approving the charge of the trial judge, assumed that the mere fact that the donkey was on the roadside was not the immediate cause of the injury. And it is indisputable that if this qualification be accepted literally as applying in all cases in which the plaintiff's negligence " contributed to cause the accident," the qualification overturns the general rule it purports to qualify, and lays upon the defendant liability for an injury which is the product of the co-operating negligence of both parties. Indeed, in such a case the person injured is the favored party, for he may recover his damages of the other party if the latter, by the exercise of ordinary care, could have avoided the consequences of the former's negligence. Take the case of a collision between two persons driving on the highway, occasioned by the want of ordinary care by both parties, in which A's wagon is broken and B's horse killed, and cross suits for damages are brought. In each case the trial judge would be required to charge that the plaintiff's negligence, although it contributed to cause the accident, would not disentitle him to a verdict if the defendant by exercising ordinary care could have avoided the consequences of the plaintiff's negligence, and the result would follow that B would be compelled to pay the damages done to A's wagon, and would recover of A the value of his horse. Giving to Radley *v.* L. & N. W. Ry. Co. the construction the language used in the opinion appears to justify, this case was, with good reason, sharply criticised by Mr. Thompson. 2 *Thomp. Negl.* 1155, § 7. Mr. Pollock, after a review of Radley *v.* L. & N. W. Ry. Co. in connection with Tuff *v.* Warman, says : " That the true ground of contributory negligence being a bar to recovery is that it is a proximate cause of the injury ; and negligence on the plaintiff's part which is only *part of the inducing causes,* or " (he adds in a note) " as Mr. Wharton puts it, is not a cause but a condition, will not disable him." *Poll. Torts* 378 and note *w.* If this construction be admissible, the

law on this subject in effect, and except in matter of mere verbiage, is brought to the legal rule adopted by the Queen's Bench in Dowell *v.* Steam Navigation Co. and by the Common Pleas in Tuff *v.* Warman.

In N. Y., L. E. & W. R. R. Co. *v.* Ball the suit was by a passenger to recover damages for injury received from a collision of another train with the train in which he was a passenger. The plaintiff at the time of the injury was riding in the baggage car. This court held that if the plaintiff's injuries had been received from the fall of trunks negligently placed, or from being struck by trunks negligently thrown in loading or unloading, or from any other causes incident to the use of that compartment as the place for the carriage of baggage, his negligence in taking a place exposed to such risks would have deprived him of any right to enforce liability on the company for its negligence producing injury from such causes; but that his conduct, even if it be considered as contributing to an injury received from extraneous causes, such as a collision, would not debar his recovery of damages for such an injury. 24 *Vroom* 283, 287, 290. This case is an illustration of the distinction between negligence on the part of the plaintiff so remote from the injury sustained as not to be a cause thereof, and negligence proximately contributing to the injury, and in that sense was approved and applied by the Court of Errors and Appeals in *Watson* v. *Camden and Atlantic R. R. Co., supra, p.* 125.

In this state the established rule is, that if the plaintiff's negligence contributed to the injury, so that if he had not been negligent he would have received no injury from the defendant's negligence—the plaintiff's negligence being proximately a cause of the injury—he is without redress, unless the defendant's act was a willful trespass or amounted to an intentional wrong, and in such a case the comparative degree of the negligence of the parties will not be considered. *New Jersey Express Co.* v. *Nichols,* 4 *Vroom* 435; *Pennsylvania R. R. Co.* v. *Righter,* 13 *Id.* 180.

In the trial of cases of this kind, where it appears that both parties were in fault, the primary consideration is, whether the faulty act of the plaintiff was so remote from the injury as not to be regarded in a legal sense as a cause of the accident, or whether the injury was proximately due to the plaintiff's negligence as well as to the negligence of the defendant. If the faulty act of the plaintiff simply presents the condition under which the injury was received, and was not in a legal sense a contributory cause thereof, then the sole question will be whether, under the circumstances and in the situation in which the injury was received, it was due to the defendant's negligence. But if the plaintiff's negligence proximately, that is, directly, contributed to the injury, it will disentitle him to a recovery, unless the defendant's wrongful act was willful or amounted to an intentional wrong. A court of law cannot undertake to apportion the damages arising from an injury caused by the co-operating negligence of both parties, or to determine the comparative degree of the negligence of each.

In the case in hand the plaintiffs' counsel put his case on Davies *v.* Mann, and especially on Radley *v.* L. & N. W. Ry. Co., and contended that, no matter if there was negligence on the part of the plaintiff in leaving the instrument on the highway, he was entitled to recover if the defendant might have avoided the consequence of that negligence by exercising ordinary care. This contention cannot be sustained.

Set up in the roadway, the person in charge of the instrument knew that it was liable to injury from passing vehicles driven with the utmost care. He left the instrument exposed to injury without anyone to look after its safety or to warn persons of its presence. His negligence was an immediate concurring and co-operative cause of the injury, within the rule which debars a plaintiff from recovering damages for the injury sustained.

Nor was there any evidence of negligence on the part of the defendant. In Davies *v.* Mann the defendant's team was being driven "at a smartish pace" without the driver in im-

mediate charge of the team. As construed by Mr. Justice Blackburn, in *Radley* v. *L. & N. W. Ry. Co.*, L. R., 10 *Exch.* 107, the defendant's negligence was "in driving furiously and in a way which would have been negligent if there had been no donkey there, because he had every reason to expect that other people would have come there." The only evidence tending to show carelessness by the defendant was that at the time of the collision he was looking at some houses on the side of the street to see how the slaters in his employ were getting on with the work. He was driving slowly; the street was unobstructed except by the plaintiffs' instrument. The defendant did not see the instrument, and he had no reason to expect to encounter an obstacle of that or any other character.

On both grounds the nonsuit was proper, and the judgment should be affirmed.