GEORGE BRENNAN, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF EUGENE BRENNAN, DE-
CEASED, APPELLANT, v. PUBLIC SERVICE RAILWAY
COMPANY, RESPONDENT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *James Mercer Davis*.

For the respondent, *William H. Speer*.

The opinion of the court was delivered by

CAMPBELL, J.  Appellant's decedent was a soldier en-
camped at Camp Raritan.  On September 14th, 1918, he
boarded a car of the respondent to go to New Brunswick.
The seating capacity of the car was forty-five to fifty and it
had, at least, one hundred and twenty-five passengers at the
time of the happening.  The undisputed proof is that the
deceased and another soldier, and a civilian by the name of
Sutton, were standing on the left-hand forward step of the
car, at the motorman's platform.  The door was closed and

had at no time been opened to admit passengers. These three persons were hanging on to or supporting themselves by stanchions or other fixtures upon the car. Upon reaching New Brunswick the decedent either fell off or was crushed by, and brushed off, the car upon which he was riding, by a trolley car passing in an opposite direction on a parallel track and he died from the injuries so received. Upon a trial of an action for damages for his death the trial court directed a verdict for the defendant-respondent. From the judgment entered thereon the plaintiff below appeals, urging three grounds for reversal, viz.:

1. Refusal of the trial court to permit an amendment of the complaint alleging a custom of the defendant to permit passengers to ride on the outside of its cars.

This was a matter within the sound discretion of the court and ordinarily would not present a ground of appeal, but here, under all the circumstances, it is without merit in fact, because not only was such amendment permitted but proofs were attempted to be made in substantiation thereof but without success.

2. That it was error to grant a nonsuit. This is without merit in fact. Although such a motion was made the record shows it was denied.

3. That it was error to direct a verdict in favor of the defendant below—

(a) Because decedent was a passenger and entitled to a high degree of care and the question of negligence should have been submitted to the jury.

The proofs present a very doubtful question as to whether or not decedent had placed himself in a position to claim a right as a passenger. If this question was seriously involved, which we think it was not, it should have been submitted to the jury.

(b) Because, under the proofs, the question of the contributory negligence of decedent should have been submitted to the jury.

We conclude to the contrary. Where one who is *sui juris* takes a position upon a vehicle of a common carrier, such

as this decedent took, and proceeds to ride in a populous community in such a position, liable and likely, to come in contact with vehicular traffic, he unquestionably and as a matter of law, assumes the risk of collision therewith and resulting injury. *New York, Lake Erie and Western Railroad Co.* v. *Ball,* 53 *N. J. L.* 283; *Menger* v. *Laur,* 55 *Id.* 205, 216; *Barlow* v. *Jersey City, &c., Railway Co.,* 67 *Id.* 364.

The direction of verdict under the facts and circumstances of the case before us, was, therefore, not error, but factually and legally correct.

(c) Because the cause should have gone to the jury under the doctrine of last clear chance.

It is enough to say upon this point that such doctrine has never been adopted in this state and, in fact, has been repudiated. It is clearly contrary to the principles applied in *Menger* v. *Laur* and *Barlow* v. *Jersey City, &c., Railway Co., supra.*

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—THE CHANCELLOR, LLOYD, JJ. 2.