## SUTTON v. PUBLIC SERVICE INTERSTATE TRANSP. CO.
### No. 56, Docket 20316.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1946.

Philip J. O'Brien and John G. Coleman, both of New York City, for appellant.

Herbert Kaufman, of New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The principal assignment of error in this appeal goes to the correctness of the District Court's charge on the law of contributory negligence in New Jersey.

Plaintiff, a toll collector on the George Washington Bridge over the Hudson River, was standing on a curb about eight and three-quarter inches wide in front of the door of another toll collector's booth, procuring some change, when a bus owned by defendant arrived opposite the booth. Plaintiff reached into the bus to take the toll from the driver and then resumed her position on the curb. As the bus drove away, its rear struck plaintiff and seriously injured her.

On this evidence the question of negligence on the part of the bus driver in driving away from the booth, knowing that plaintiff was between his bus and the booth, was one of fact for the jury to determine. Byer v. H. R. Ritter Trucking Co., 131 N.J. L. 199, 35 A.2d 633. Plaintiff had been warned in a safety lecture not to go between the booth and a moving vehicle, but

in fact it was often necessary for collectors to step out of their booths and upon the curbs to collect the tolls. The issue of contributory negligence and its effect on the accident was, in view of this and other evidence, likewise a question of fact for the jury. Byer v. H. R. Ritter Trucking Co., supra. The defendant's motion for a directed verdict was therefore properly denied.

Defendant argues that the District Court's charge on contributory negligence erroneously embodied the doctrine of last-clear-chance, which, it says, is repudiated in the New Jersey decisions. It objects principally to the statement, "If you find that he could have avoided the accident, even though she contributed in part to it * * * I say under that assumption then you must find for the plaintiff on the question of liability." A charge must be interpreted as a whole, however, and not in individual parts. In substance the court charged that, if the plaintiff placed herself in a dangerous position and the bus driver knew of it, his subsequent negligent conduct, if any, might be the proximate cause of the accident and might necessitate a finding for the plaintiff. True, the New Jersey courts have in terms rejected the last-clear-chance doctrine. Brennan v. Public Service Ry. Co., 106 N.J.L. 464, 148 A. 775. Nevertheless they have approved the formula that a plaintiff may recover, although negligent, if his negligence is not a proximate cause of the accident, but merely a condition of its occurrence. State (Menger) v. Lauer, 55 N.J.L. 205, 26 A. 180, 184, 20 L.R.A. 61. If there is a substantial difference between these two theories beyond the verbal one shown by the formulas themselves, we believe the charge falls within the latter formula when viewed as a whole.

At the close of the charge the defendant's counsel fully stated his objections to the charge. He did not, however, request a complete definition of negligence, contributory negligence, and proximate cause. Had he done so, the trial court might have improved upon the statement as given. In view of this, we are the less disposed to reverse for correction of a highly technical expression of the law, when the essential issues appear to us to have been put before the jury.

Affirmed.