Jay O. FRANKS, Plaintiff-Appellant,

v.

UNITED STATES LINES COMPANY,
Defendant-Appellee.

No. 27, Docket 28024.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1963.

Decided Nov. 1, 1963.

Theodore H. Friedman, New York City (Henry Isaacson and Phillips, Nizer, Benjamin, Krim & Ballon, New York City, on the brief), for plaintiff-appellant.

William R. Mackey, of Kirlin, Campbell & Keating, New York City (James R. Campbell and Louis J. Gusmano, of Kirlin, Campbell & Keating, New York City, on the brief), for defendant-appellee.

Before CLARK, MOORE, and KAUFMAN, Circuit Judges.

CLARK, Circuit Judge.

Jay O. Franks, formerly a wiper on defendant's vessel the "S.S. American Veteran," seeks to recover damages for personal injuries allegedly sustained by him in a fall down one of the vessel's stairways. The issues of negligence and unseaworthiness raised by his allegations were submitted to a jury, which found against him. Judgment for defendant was accordingly entered on this verdict. The court reserved to itself the issue of maintenance and cure, following the then controlling authority of Fitzgerald v. United States Lines Co., 2 Cir., 306 F.2d 461, and allowed plaintiff's claim for a

portion of the period for which he had sought it.

Plaintiff attacks the charge in this case on varied grounds, but we find none of them to be sustained. Trial judges must be allowed some leeway, and absolute clarity is hardly to be always expected. True, a single ruling can vitiate an entire charge if it is on a vital issue and is misleading. DeLima v. Trinidad Corp., 2 Cir., 302 F.2d 585. But here the areas of ambiguity which plaintiff stresses were made sufficiently clear by the charge as a whole to assure him a fair consideration of all his theories. "A charge must be interpreted as a whole, * * * not in individual parts." Sutton v. Public Service Interstate Transp. Co., 2 Cir., 157 F.2d 947, 948, cert. denied 330 U.S. 828, 67 S.Ct. 870, 91 L.Ed. 1277. Nor does plaintiff's objection to the court's charge as to the permissibility of drawing an adverse inference from the nonappearance of a doctor who had treated him have merit. See United States v. Llamas, 2 Cir., 280 F.2d 392.

We turn, therefore, to the appeal involving the issue of maintenance and cure. The recent decision of Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, overruling 2 Cir., 306 F.2d 461, supra, makes it clear that the trial court's reservation of the trial of this issue to itself was impermissible.[1] But this, rather than solving our problems, leaves us with the difficult question of the appropriate relief. Looking to the basis of the decision, it is apparent that the Court reached its result because: "Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." 374 U.S. at page 21, 83 S.Ct. at pages 1650, 1651, 10 L.Ed.2d 720. In explaining the underlying considerations for its decision it stated, 374 U.S. at pages 18, 19, 83 S.Ct. at pages 1649, 10 L.Ed.2d 720: "Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery."

Obviously the Court's objection was not to the competency or fairness of the judge as a trier of fact with regard to maintenance and cure issues, but rather to the "cumbersome, confusing, and time consuming" bifurcation of the claim in accordance with the demands of tradition made senseless by time. Fitzgerald v. United States Lines Co., supra, 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720; see 5 Moore's Federal Practice, 2d Ed. 1951, 284. Thus no criticism made by the Court is actually solved by the utilization of *another* jury to decide the still artificially separated maintenance and cure claim. Cf. Fitzgerald v. United States Lines Co., supra, 2 Cir., 306 F.2d 461, 475 (dissenting opinion).

Nevertheless, the ultimate paragraph of the Court's opinion requires the conclusion that it remanded only the claim dealing with maintenance and cure.[2] We are unable to distinguish our

---

1. Appellee argues that appellant waived the jury claim he had originally made; but the court foreclosed this by relying on the law as it then had been announced to reserve the issue to itself for decision. We think it would be manifestly unfair to hold the plaintiff to a waiver because of failure to protest more vigorously the court's quite precise ruling. Appellee also makes the claim by letter after the argument that plaintiff's notice of appeal was not broad enough to raise this issue. But we think it was fully adequate; in this Circuit we have taken the view that the notice serves "as a means of identification, and not as a step in appellate pleading." Val Marine Corp. v. Costas, 2 Cir., 256 F.2d 911, 916; 3A Barron & Holtzoff, Federal Practice and Procedure, Wright Ed. 1958, § 1555.

2. The Court said: "Judgment against the seaman on the Jones Act claim was affirmed by the Court of Appeals, and we declined to review it on certiorari. The shipowner points out that on remand the maintenance and cure claim would no longer be joined with a Jones Act claim and therefore, he argues, could be tried

situation from the one there before the Court. Here, as there, the trial court reserved for its decision the claim for maintenance and cure, and submitted to the jury the claim for negligence and unseaworthiness. In both cases the jury found against the plaintiff on the latter claim. Since the actions of the Supreme Court make plain the relief it feels such a situation warrants, we are constrained to follow its example and remand only the claim for maintenance and cure for jury trial.

The judgment for defendant on the claim of negligence and unseaworthiness is affirmed. The judgment on the claim for maintenance and cure is reversed and remanded for a trial by jury.

by a judge without a jury. We cannot agree. Our holding is that it was error to deprive the seaman of the jury trial he demanded, and he is entitled to relief from this error by having the kind of trial he would have had in the absence of error." 374 U.S. at pages 21, 22, 83 S. Ct. at pages 1650, 1651, 10 L.Ed.2d 720. It is true that the final clause of the last quoted sentence introduces an ambiguity which has led the headnote writer in 10 L.Ed.2d 720, 722, headnote 10, to conclude that the retrial is not to be thus limited; but the headnotes in 374 U.S. 16 and 83 S.Ct. 1646, 1648 (No. 12) are in accord with the interpretation we have made.