**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5644-18

ABUSSAMAA R. RAMZIDDIN,

Plaintiff-Appellant,

v.

LGTC/ACCURATE MED TRANS NJ and ACCURATE MEDICAL TRANS,

Defendants-Respondents.

---

Argued January 27, 2021 – Decided February 25, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0828-18.

Abussamaa R. Ramziddin, appellant, argued the cause pro se.

David J. DiSabato argued the cause for respondents (DiSabato & Considine, LLC, attorneys; David J. DiSabato, on the brief).

PER CURIAM

Plaintiff Abussamaa R. Ramziddin, a self-represented litigant, appeals from an August 29, 2019 order granting summary judgment to defendant LogistiCare Solutions, LLC (LogistiCare), improperly pled as LCTC/Accurate Med Trans NJ. We affirm.

I.

We derive the following facts from the summary judgment motion record viewed in the light most favorable to plaintiff. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Plaintiff, a Medicaid recipient, alleges he arranged for non-emergency medical transportation to his healthcare provider appointments on two dates and that co-defendant Accurate Medical Transport (Accurate) did not get him to his appointments on time. LogistiCare is a non-emergency medical transportation (NEMT)[1] broker that arranges transportation for eligible Medicaid participants in this State.

On January 19, 2018, plaintiff was scheduled through LogistiCare to have Accurate drive him to his primary care doctor for prescription medication

---

[1] According to the Centers for Medicare and Medicaid Services, Medicaid covers the cost of "non-emergency medical transportation" for eligible patients to and from the doctor's office, the hospital, or another medical office for Medicaid-approved care. CENTERS FOR MEDICARE AND MEDICAID SERVICES, FACT SHEET: LET MEDICAID GIVE YOU A RIDE (April 2016).

maintenance and to his orthopedic doctor, who was treating plaintiff for severe osteoarthritis. Plaintiff arrived late for the appointments because Accurate did not pick him up at the time he requested. The primary care doctor was able to reschedule plaintiff's appointment, but since the doctor "missed the window to have him put the refills in the computer," plaintiff had to see a cardiologist instead in April 2018 to obtain his medication.

On January 29, 2018, plaintiff contacted LogistiCare again to arrange transportation for another appointment, this time with a rheumatologist, to undergo injections in his knees. Accurate arrived more than an hour late, and LogistiCare could not confirm for plaintiff whether Accurate was running on time. Upon arrival at the rheumatologist's office, plaintiff was told the doctor would be unable to treat him because of his late arrival, and plaintiff advised LogistiCare of this. Thereafter, plaintiff waited two-and-a-half hours for Accurate to take him home.

On April 13, 2018, plaintiff filed a complaint against defendants in the Law Division alleging he missed appointments and was "forced to pay for medication out[-]of[-]pocket" and suffered "severe anxiety, paranoia, and anxiousness jeopardizing [his] mental health that is regulated by mental health professionals." The record shows plaintiff sought $85,000 in compensatory and

punitive damages, although not pled with specificity in the complaint. Plaintiff also alleged in his complaint that the "gross negligence" and "insurance fraud" on the part of defendants delayed him "from receiving life sustaining medication" and led to a denied medical examination. LogistiCare filed its answer on July 26, 2018. Plaintiff served Accurate, but it never filed an answer or otherwise moved with respect to the complaint, resulting in a final judgment by default being entered on February 15, 2019.

In its discovery responses, LogistiCare certified it is an NEMT broker that arranges transportation for Medicaid recipients. LogistiCare asserted in its answers to interrogatories that it has no contractual or implied relationship with plaintiff. At the close of discovery, LogistiCare filed a motion for summary judgment. LogistiCare submitted the certification of Lori Bonderowitz in support of its motion for summary judgment. She certified that "LogistiCare is not affiliated with, or related to, [Accurate]" and "does not contract with individual Medicaid participants, such as [p]laintiff." Bonderowitz's certification also stated "LogistiCare does not provide the actual transportation for requesting participants" and "does not have a contractual relationship with [p]laintiff."

In opposition to the motion, plaintiff submitted a July 2016 report from the Department of Health and Human Services Office of Inspector General entitled, "New Jersey Did Not Adequately Oversee Its Medicaid Nonemergency Medical Transportation Brokerage Program." Plaintiff did not file a responding statement either admitting or disputing each of the facts in LogistiCare's motion as required by Rule 4:46-2(b).

On August 1, 2019, the trial court heard oral argument on LogistiCare's motion. In its oral opinion, the court found that plaintiff failed to present evidence to establish a prima facie case of negligence or the existence of a contract between himself and LogistiCare. The court reasoned and concluded:

> I'm going to grant the motion respectfully. You know, that these aren't mere technicalities. These are the legal proofs that have to be established in order to get this case before a factfinder, and it hasn't been done here. We have a trial scheduled for next week.
>
> In terms of the negligence claim here, there's no disputed facts on the elements of the negligence claim, meaning that you haven't established that Logisti[C]are owed a duty, that Logisti[C]are breached any duty, that there's any—a breach was the proximate cause of any harm or that there were any damages.
>
> With respect to the contract claim, there's no evidence here of a contract between the plaintiff and Logisti[C]are. There's no evidence here of a breach or that any damages were sustained as a result of the alleged breach.

> So taking all facts and inferences in your favor as I'm required to do in this type of case, in this type of motion, on this motion for summary judgment, and reading your papers very indulgently, which I had done, there's nothing here that allow[s] the case can go forward in terms of being presented to a jury or any type of factfinder.

Accordingly, the court granted LogistiCare's motion for summary judgment and scheduled a proof hearing as to Accurate for August 27, 2019. The court informed plaintiff to bring medical reports and any proof of economic loss to the proof hearing and to be prepared to "show some type of relationship between the two" in respect of Accurate.

Plaintiff and counsel for LogistiCare appeared at the August 27, 2019 proof hearing; no one appeared on behalf of Accurate. Plaintiff testified at the hearing that defendant LogistiCare caused him to miss routine treatment and medication, which in turn caused him pain and disrupted his treatment and medication schedule. Although plaintiff's appendix includes three letters from medical providers detailing the importance of his uninterrupted medical treatment,[2] the letters do not state plaintiff was injured by the delayed

[2] The trial court stated at the August 27, 2019, hearing that it had not seen the letters; however, at the hearing, plaintiff explained the content of the letters he said he submitted. The court found that even if they had been included in

appointments. The letters are dated November 5, 2019, April 5, 2019, and April 1, 2019—all at least one year after the January 2018 incidents at issue here. Notably, the November 2019 letter is dated after the two August 2019 hearings; thus, the trial court would not have received it, nor could it have been part of discovery.

In its ruling following the proof hearing, the court found plaintiff did not meet his burden of proof on the issue of negligence, breach of contract, and damages as against Accurate and awarded no relief. This appeal ensued.

On appeal, plaintiff argues the trial court erred in granting summary judgment to LogistiCare and dismissing the complaint because: (1) LogistiCare breached its duty of care to plaintiff and failed to engage in mandatory, standard operating grievance procedures and policies pursuant to the State's NEMT code; and (2) alternatively, this court should apply the last clear chance doctrine to compensate plaintiff for his pain and suffering. Specifically, in his notice of appeal, plaintiff asserts that LogistiCare caused him monetary loss, "severe anxiety, paranoia, and anxiousness . . . triggering [his] [s]chizophrenic disorder . . . . Continuously keeping [p]laintiff [in a] severe agitated and aggravated

---

plaintiff's filings, they would still not establish a connection between plaintiff's condition and the alleged delay in treatment.

state, provoking bouts of depression caused by [LogistiCare's] lackadaisical attitude and maladroit behavioral approach[,] which resulted in severe edema and palpitations . . . ." LogistiCare seeks affirmance of the order granting its summary judgment motion or in the alternative, summary disposition of plaintiff's appeal pursuant to Rule 2:8-3(b).

II.

We review a summary judgment decision de novo, under the same standard that governs the trial court. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)); Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995). If no issue of fact exists, an appellate court "affords no special deference to the legal determinations of the trial court." RSI Bank, 234 N.J. at 472 (quoting Templo Fuente, 224 N.J. at 199).

A non-moving party "cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Brill, 142 N.J. at 529. Instead, the opposing party must "demonstrate by competent evidential material that a genuine issue of fact exists[.]" Igdalev, 225 N.J. at 479-80 (alteration in original) (quoting Robbins v. Jersey City, 23 N.J. 229, 240-41 (1957)). The court must then consider whether that party's proposed evidence, "when viewed in the light most favorable to the non-moving party, [is] sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540.

It remains "the unqualified affirmative burden of [the non-moving] part[y] to make a complete and comprehensive showing why summary judgment should not be entered . . . ." Lombardi v. Masso, 207 N.J. 517, 556 (2011) (Rivera-Soto, J., dissenting). Bare conclusions, without factual support, will not defeat summary judgment. Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999).

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. County of Essex, 196 N.J. 569, 584 (2008)). A plaintiff must prove by a

preponderance of the evidence that the defendant's alleged negligence was a proximate cause of the injury. Id. at 52. A "plaintiff bears the burden of establishing those elements 'by some competent proof.'" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citing Buckelew v. Grossbard, 87 N.J. 512, 525 (1981)).

"It has long been true that '[d]eterminations of the scope of duty in negligence cases has traditionally been a function of the judiciary.'" Estate of Desir v. Vertus, 214 N.J. 303, 322 (2013) (alteration in original) (quoting Kelly v. Gwinnell, 96 N.J. 538, 552 (1984)). The Supreme Court has identified a four-part framework that guides a duty analysis, requiring evaluation of four factors: "the relationship of the parties; the nature of the risk; the ability to exercise care; and public policy considerations." Id. at 317 (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 438-39 (1993)). However, "[i]n carrying out this important function, [the Supreme Court has] recognized that '[t]he actual imposition of a duty of care and the formulation of standards defining such a duty derive from considerations of public policy and fairness.'" Id. at 322 (third alteration in original) (quoting Hopkins, 132 N.J. at 439).

At the August 1, 2019 motion hearing, the trial court found plaintiff had not established that LogistiCare breached a duty to plaintiff. Indeed, plaintiff

does not dispute this, and conceded at the August 28, 2019 proof hearing that Accurate, not LogistiCare, failed to perform its duty.

According to LogistiCare's records, Accurate did not arrive in time for plaintiff's scheduled pickup on January 19, 2018. Again, plaintiff does not dispute that LogistiCare did as he requested, and plaintiff did not present any evidence otherwise. As the Supreme Court has noted, to prove the element of causation, plaintiff bears the burden to

> introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.
>
> [Davidson v. Slater, 189 N.J. 166, 185 (2007) (quoting Reynolds v. Gonzalez, 172 N.J. 266, 284 (2002)).]

Here, plaintiff's proofs fail to show LogistiCare breached any duty of care under negligence principles and fail to show a contractual relationship between the parties. Accordingly, the trial court correctly determined there was no breach that was the proximate cause of any harm to plaintiff. The court properly granted summary judgment.

III.

We next turn to plaintiff's argument that he is entitled to punitive damages. To award punitive damages, the factfinder must find wrongful conduct by applying the clear and convincing evidentiary standard:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.
>
> [N.J.S.A. 2A:15-5.12(a).]

Here, there were no medical reports that showed injury caused by the delay in service to plaintiff. The trial court explained this to plaintiff at the August 1, 2019 hearing, instructing him to bring evidence to the August 27, 2019, proof hearing:

> All right, so if you're claiming some type of medical issue from their alleged misconduct, you're going to have to bring, you know, some type of medical reports showing that what they did caused you to have some type of medical issue, or if you have any type of economic claim, you're going to have to show some type of relationship between the two, all right?

At the proof hearing, plaintiff stated that his damages were that LogistiCare caused him to miss medication and treatment, resulting in edema, extreme stiffness, inability to walk, and pain. He further stated that he had submitted letters from his medical providers that show the importance of plaintiff maintaining his medication schedule and treatment. However, plaintiff conceded to the court that the letters did not connect the transportation delay to his medical issues: "It doesn't link the actual time of it. It just states that if I don't take this medication as regularly scheduled, it could be detrimental. It could be very harmful."

The trial court found plaintiff did not satisfy his burden of specificity to show "credible evidence" that his illnesses were a result of delay in treatment.

> [W]e're here in a court of law, and . . . you need to establish your damages to me by credible evidence. . . . I would need evidence from a medical professional through a report stating that you have these specific ailments, illnesses, medical conditions as a result of this delay of treatment. I don't have that here.
>
> I appreciate generally we all need to stay on our medications in a timely manner, and if we don't, or if we miss our medical appointments, there could be problems, but I don't have that specificity that's required here. And you don't have to prove it with complete specificity, but you do need to satisfy your burden here, and that has not been accomplished.

The court was correct in its analysis. Plaintiff did not establish causation and damages by clear and convincing evidence. Therefore, summary judgment was properly granted to LogistiCare.

IV.

Plaintiff also argues the trial court erred in granting summary judgment to LogistiCare on his breach of contract claim. To prevail on a breach of contract claim, a plaintiff must show (1) a valid contract between the parties; (2) that defendant failed to perform its obligations under the contract; and (3) that the breach caused the claimant to sustain damages. Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007).

Although plaintiff alludes to a contract between the State of New Jersey and LogistiCare, he does not provide proof such a contract exists or how it was breached or how his claim against LogistiCare implicates that purported contract.

"To defeat a motion for summary judgment, the opponent must 'come forward with evidence' that creates a genuine issue of material fact." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "[C]onclusory and self-serving assertions by one of the parties are insufficient

to overcome the motion[.]" Puder v. Buechel, 183 N.J. 428, 440-41 (2005). Applying these standards, we discern no reason to reverse.

V.

Finally, for the first time on appeal, plaintiff argues that we should apply the "last clear chance doctrine" to the matter under review. We generally decline to address issues not presented to the trial court.

Unless these issues pertain to the trial court's jurisdiction or "matters of great public interest," we will not consider them. State v. Robinson, 200 N.J. 1, 20-22 (2009). See also State v. Arthur, 184 N.J. 307, 327 (2005); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Nonetheless, we add the following brief remarks.

The "last clear chance" doctrine, now replaced by the theory of proximate cause, has been described as the theory that responsibility for injury rests with the party last able to avoid the accident. Latta v. Caulfield, 158 N.J. Super. 151, 155-56 (1978) (citing Brennan v. Pub. Serv. Ry. Co., 106 N.J.L. 464, 466 (E. & A. 1930)). In his brief, plaintiff does not explain how this doctrine applies here, but merely asserts that the trial court impermissibly assumed "defendant's attorney[] has acted in good faith."

Plaintiff argues that the trial court and LogistiCare have no legal authority to "minimize the stress of the incidents" and to measure how they exacerbated his physical and mental condition. Further, plaintiff asserts the trial court failed to weigh the evidence in the light most favorable to him, and argues that there are genuine issues of material fact because LogistiCare "failed to take reasonable steps to . . . protect [plaintiff] from harm." Again, we disagree.

Our careful review of the record shows the trial court viewed the evidence in a light most favorable to plaintiff. The trial court conducted oral argument and placed its findings of fact and conclusions of law on the record. Based upon our de novo review, we conclude plaintiff presented no evidence of negligence, gross negligence or breach of contract or resultant damages. In light of our holding, we need not address LogistiCare's request for summary disposition of plaintiff's appeal pursuant to Rule 2:8-3(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION